UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYLE CHANDLER,

    Petitioner,

    v().                                        CAUSE NO. 3:24-CV-524-JD-AZ

WARDEN,

    Respondent.

## OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-24-1-180) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of throwing bodily waste in violation of Indiana Department of Correction Offense 123. Following a hearing, he was sanctioned with a demotion in credit class.

Chandler argues that he is entitled to habeas relief because the administrative record lacks any evidence that he threw feces.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784,

786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report and an incident report in which correctional staff represent that they were "advised" that Chandler was throwing feces out of his cell onto the range and further represent that he threatened to throw feces as they escorted him to the disciplinary housing unit in response to these reports. ECF 7-1, ECF 7-2. It also contains statements from Lieutenant Jones and Officer Mathey that they saw Chandler throwing feces onto the range. ECF 7-6, ECF 7-7. The reports and witness statements constitute some evidence that Chandler threw feces as charged. Therefore, this claim is not a basis for habeas relief.

Chandler argues that he is entitled to habeas relief because correctional staff denied his request for a surveillance video recording of the offense. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

According to the video recording summary, correctional staff denied this request because no such recording existed. ECF 7-5. Though Chandler represents that a camera was in front of his cell, this representation, even if true, would not persuasively demonstrate that a recording of the incident existed. Assuming that a camera was

placed in front of Chandler's cell, a video recording might not exist for any number of reasons, including malfunctioning equipment, electrical issues, or imperfect motion detection capabilities. Chandler may also be arguing that correctional staff did not subject the fecal matter to scientific testing, but "[p]rison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). Because the record indicates that correctional staff had reasonable bases to deny the requests for evidence, this claim is not a basis for habeas relief.

Chandler argues that he is entitled to habeas relief because he did not receive twenty-four hours' notice of the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare." *Id.*

The administrative record indicates that Chandler received a copy of the conduct report on February 13, 2024, and that the hearing took place three weeks later on March 4, 2024. ECF 7-1, ECF 7-3, ECF 7-4. Chandler may be arguing that he did not receive twenty-four hours' notice of when the hearing would be held, but this type of notice is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v.*

3

*Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, the claim that Chandler received inadequate notice is not a basis for habeas relief.

Because Chandler has not asserted a valid claim for habeas relief, the habeas petition is denied. If Chandler wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kyle Chandler leave to proceed in forma pauperis on appeal.

SO ORDERED on October 31, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT